UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| OLIVIA FLINNON | ) | CASE NO. 3-11-cv-515-H _____ |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RALCORP FROZEN BAKERY PRODUCTS, | ) | |
| INC. and RALCORP HOLDINGS, INC. | ) | |
| | ) | **Filed Electronically** |
| DEFENDANTS. | ) | |

## NOTICE OF REMOVAL

TO:   The Judges of the United States District Court for the Western District of Kentucky, Louisville Division

COME NOW Ralcorp Frozen Bakery Products, Inc. and Ralcorp Holdings, Inc., Defendants in the above-entitled action, by and through their counsel, and file their Notice of Removal pursuant to 28 U.S.C. § 1446.  Defendants respectfully show as follows:

1. The civil action Flinnon v. Ralcorp Frozen Bakery Products, Inc. et al., Case No. 11-CI-05588, was filed in the Jefferson County Circuit Court, Commonwealth of Kentucky, on or about August 25, 2011.

2. Defendants Ralcorp Frozen Bakery Products, Inc. and Ralcorp Holdings, Inc. were both served with a summons and a copy of Plaintiff's Complaint on August 26, 2011 (see Exhibit A).

3. This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4. This action arises from Plaintiff's employment with Ralcorp Frozen Bakery Products, Inc.  Plaintiff's Complaint in the Jefferson County Circuit Court purports to

assert claims of employment discrimination under the Kentucky Civil Rights Act, K.R.S. § 344.010 *et seq.* ("KCRA"), a claim for public policy wrongful discharge and a claim for intentional infliction of emotional distress.

## FEDERAL QUESTION JURISDICTION

5.  During her employment, Plaintiff was a unionized employee subject to the terms of a collective bargaining agreement ("CBA") between Ralcorp Frozen Bakery Products, Inc. and The International Brotherhood of Teamsters Local Union No. 783 (the "Union") (see Exhibit B, Declaration of Edward A. Judice ¶ 5; Exhibit C, Collective Bargaining Agreement).

6.  Defendant Ralcorp Frozen Bakery Products terminated Plaintiff's employment in accordance with the terms of the CBA, specifically, Article XVIII, paragraph B: "A Team Member shall lose seniority and his status as a Team Member shall cease for any of the following reasons…(2) If a Team Member has not worked for the Company for twelve (12) months…" (Exhibit B ¶¶ 8-11; Exhibit C).

7.  Section 301 of the federal Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") states as follows:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.

8.  The purpose of Section 301 is to give federal courts the ability to compel uniformity in the application of federal labor law. *Phillips v. Southern Graphic Systems*, 380 F.Supp.2d 827, 829 (W.D. Ky. 2005), citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456-57 (1957).

9. The United States Supreme Court has held that when the resolution of a state law claim is substantially dependent on an analysis of the terms of a collective bargaining agreement, the claim is preempted and federal labor law applies. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

10. The Sixth Circuit has adopted a two-part test for determining whether Section 301 preemption applies to state law claims

> (1) The court must examine whether proof of the state law claim requires interpretation of the collective bargaining agreement provisions; (2) the court must determine whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law.

*Phillips*, 380 F.Supp.2d at 829, citing *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). "'If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, Section 301 preemption is warranted." *Id*.

11. In this case, Plaintiff's claim for intentional infliction of emotional distress ("IIED") "requires interpretation of the collective bargaining agreement provisions" and thus is preempted by the LMRA.

12. In Kentucky, in order to establish a prima facie case of IIED, or outrage, as it has historically been called in Kentucky, a plaintiff must prove: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there is a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004).

13. "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit

recovery." *Id.* at 788-789, citing Restatement 2d of Torts § 46(1) comment h. "Liability has been found only where conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 789.

14. In *DeCoe*, the Sixth Circuit determined that Section 301 of the LMRA preempted plaintiff's IIED claim because "reference must be made to the CBA in order to determine whether the defendants acted outrageously or whether they merely pursued their legal rights in a permissible way." 32 F.3d at 220 (internal quotations omitted).

15. The court based its holding on analysis of similar cases from the Seventh and Fourth Circuits. *Douglas v. American Info. Technologies Corp.*, 877 F.2d 565 (7th Cir. 1989) (holding Section 301 preempted plaintiff's IIED claim because it was necessary to interpret the CBA in order to determine whether the employer acted outrageously: "If the employer's conduct with regard to these matters was authorized under the collective bargaining agreement, then it would have been exercising its legal rights in a permissible way. Such conduct cannot be characterized as extreme and outrageous under Illinois tort law"); *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531 (4th Cir. 1991) (holding Section 301 preempted plaintiff's claim that his employer behaved outrageously in disposing of personal possession kept in his locker, even though management's rights and responsibilities regarding employee lockers were not explicitly delineated in the CBA).

16. Here, Plaintiff's employment was explicitly terminated pursuant to the terms of the CBA after she was absent from work for twelve (12) months (Exhibit B ¶¶ 9-10; Exhibit C, Article XVIII, ¶ B).

17. In this case, as in *DeCoe*, "reference must be made to the CBA in order to determine whether [Defendants] acted outrageously or whether they merely pursued their legal rights in a permissible way" in exercising the discharge rights granted to the employer in the CBA. 32 F.3d at 220.

18. Section 301 of the LMRA has complete preemptive force. *Klepsky v. United Parcel Service, Inc.*, 489 F.3d 264, 269 (6th Cir. 2007). The fact that Plaintiff's state law claim is preempted by the LMRA allows Defendants to remove this action to federal court. *Id*. (where federal law completely preempts state law on the relevant subject matter, removal to federal court on basis of federal question jurisdiction is warranted).

19. Accordingly, Plaintiff's intentional infliction of emotional distress claim is completely preempted by the LMRA. Plaintiff's remedies, if any, are limited to those provided by the LMRA.

20. For the reasons stated above, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185, and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

21. The Court may exercise supplemental jurisdiction over the KCRA claims and public policy wrongful discharge claim pursuant to 28 U.S.C. § 1367 because those claims are so related to the IIED claim that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

22. The United States District Court for the Western District of Kentucky, Louisville Division, is a federal judicial district embracing the Jefferson County Circuit Court, Commonwealth of Kentucky, where this action was originally filed.  Venue of this civil action is therefore proper in this Court pursuant to 28 U.S.C. § 1441(a).

23. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice to Plaintiff.  Also, a true copy of this Notice of Removal is being filed with the Clerk of Court for the Jefferson County Circuit Court.

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are attached to this Notice as <u>Exhibit A</u>.

WHEREFORE, Defendants Ralcorp Frozen Bakery Products, Inc. and Ralcorp Holdings, Inc., desiring to remove this civil action to the United States District Court for the Western District of Kentucky, Louisville Division, pray that the filing of this petition for and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this petition for and Notice of Removal with the clerk of the Jefferson County Circuit Court, Commonwealth of Kentucky, shall effect the removal of said civil action to this Honorable Court.

Dated this 15th day of September, 2011.

Respectfully submitted,

**SMITH & SMITH ATTORNEYS**

*/s/ Oliver B. Rutherford*
Oliver B. Rutherford
300 South, First Trust Centre
200 South Fifth Street
Louisville, KY 40202
Phone: (502) 587-0761
Facsimile: (502) 589-5345
obr@smithandsmithattorneys.com

~    and    ~

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Gregg M. Lemley*
Gregg M. Lemley*
Erin E. Williams*
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
Gregg.Lemley@ogletreedeakins.com
Erin.Williams@ogletreedeakins.com

* Pro hac vice admission pending

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2011, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Bryan M. Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY 40202
Attorney for Plaintiff

**SMITH & SMITH ATTORNEYS**

*/s/ Oliver B. Rutherford*
Oliver B. Rutherford
300 South, First Trust Centre
200 South Fifth Street
Louisville, KY 40202
Phone: (502) 587-0761
Facsimile: (502) 589-5345
obr@smithandsmithattorneys.com

10926858.1 (OGLETREE)