UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-515-H

OLIVIA FLINNON                                                                                              PLAINTIFF

v.

RALCORP FROZEN BAKERY                                                                        DEFENDANTS
PRODUCTS, INC. and RALCORP
HOLDINGS, INC.

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this employment discrimination case in the Jefferson County Circuit Court, alleging causes of action under the Kentucky Civil Rights Act ("KCRA"), Ky. Rev. Stat. Ann. § 344.00 (LexisNexis 2005), and claims for public policy wrongful discharge and intentional infliction of emotional distress ("IIED").  Defendants (collectively, "Ralcorp") removed to federal court on the grounds that the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (2006), completely preempted Plaintiff's IIED claim.  Thereafter, Plaintiff moved for remand to state court and then amended her complaint to eliminate the IIED and public policy wrongful discharge claims.

I.

Plaintiff argues that the Court lacks federal question jurisdiction and diversity jurisdiction.  *See* 28 U.S.C. §§ 1331-32.  The parties have stipulated that the amount in controversy is less than $75,000, the minimum necessary for diversity jurisdiction; therefore, jurisdiction, if any, must stem from a federal question.  *Id.*  Plaintiff asserts that her claims now sound solely in state law and do not implicate any federal law.

Defendants contend that Plaintiff's IIED claim requires interpretation of the Collective

Bargaining Agreement ("CBA") between Ralcorp and The International Brotherhood of Teamsters Local Union No. 783, the union that represented Plaintiff.  Since resolving the IIED claim will substantially depend on an analysis of the CBA, Defendants argue, the LMRA preempts the state law claim.  Furthermore, Defendants ask the Court to exercise supplemental jurisdiction over the remaining state law claims, as they "are so related to the IIED claim that they form part of the same case or controversy under Article III."  Defs.' Resp. Pl.'s Mot. Remand 5.

## II.

A court evaluates subject matter jurisdiction viewing the complaint in the record at the time of removal to federal court.  *Packard v. Farmers Ins. Co. of Colombus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)).  Amending a complaint to eliminate federal claims will not deprive a federal court of its supplemental jurisdiction over the remaining state law claims.  *Id.* at 583-84 (citations omitted).  The district court has discretion to exercise or decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); *accord Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S.Ct. 1862, 1866 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").  This rule applies equally where a plaintiff eliminates a federal claim through an amended complaint or where the court dismisses the claim.  *See Packard*, 423 F. App'x at 583-84.

At the time of removal, Plaintiff's complaint included an IIED claim.  Ralcorp argues that the LMRA completely preempted the IIED claim, "allow[ing] for removal even if, when

viewing the face of the complaint, the Court could conclude the plaintiff's claims appear to arise only under state law." *Phillips v. Southern Graphic Sys.*, 380 F. Supp. 2d 827, 828 (W.D. Ky. 2005) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-92 (1987). The Court need not decide whether the LMRA would preempt Plaintiff's IIED claim because Plaintiff has since withdrawn that claim.[1]

### III.

The Court must now decide whether to exercise its discretion under 28 U.S.C. § 1367(c) to retain its supplemental jurisdiction over the remaining state law claims or remand the case to state court. "In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to the parties, fairness and comity to state courts." *Packard*, 423 F. App'x at 584 (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010)). A court should retain jurisdiction over residual state law claims "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)); *accord United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("if federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

Here, all § 1367(c)(3) factors counsel remanding to state court. The case is in its very

---

[1] If the LMRA did not completely preempt the IIED claim, then the Court would lack subject matter jurisdiction, necessitating remand. Because the Court reaches the same result of remand assuming the LMRA does preempt the IIED claim, deciding the preemption issue is unnecessary.

early stages, with no discovery or briefing other than on the issues of preemption and remand. The parties and the Court have not expended resources so extensive that would make a remand unfair or inefficient.  *See, e.g.*, *Packard*, 423 F. App'x at 585 (that parties had only briefed preemption and federal defenses favored remand) (citing *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002)).  Likewise, nothing in the briefs or the record indicates remand would cause substantial inconvenience.  Under these circumstances and in the interest of comity to state courts, the Court concludes that it is best to decline to exercise supplemental jurisdiction over the KCRA claims.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc:     Counsel of Record & Jefferson Circuit Court